IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Alexander Renner,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Stephen Morris, et al.,<br><br>　　　　　　Respondents. | No. CV-20-00277-PHX-DLR(ESW)<br><br>**ORDER** |

  Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 15) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 5). The R&R recommends that the Petition be denied and dismissed with prejudice and that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be denied. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 15 at 8-9.) Petitioner filed objections to the R&R on September 14, 2020 (Doc. 16) and Respondents filed their Reply to Objections on September 15, 2020. (Doc. 17.) The Court has considered Petitioner's objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court finds that the Magistrate Judge correctly determined that the Petition is untimely because it was filed more than a year after Petitioner's judgment became final.

  The statute of limitations for filing a habeas petition under the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") is one year. The R&R correctly determined that Petitioner's judgment became final on July 1, 2013 and the statute of limitations began running on July 2, 2013.

The R&R correctly explained that the one-year statute of limitations does not necessarily run for 365 consecutive days, but is subject to tolling during pending, properly filed collateral review petitions, such as a petition for post-conviction relief ("PCR"). A PCR is pending when the notice of the PCR is filed with the court. It remains pending until it has been fully resolved in the state court process.

The R&R correctly found that the period from July 2, 2013, until Petitioner filed his PCR notice on October 23, 2013, is time in which no properly filed collateral review was pending. Therefore, no tolling of the statute of limitations occurred during that time. The R&R correctly calculated that time to be 114 days, leaving 251 days remaining in which to file a federal habeas petition. The limitations period was tolled from the time Petitioner filed his PCR until his PCR proceedings terminated. His PCR proceedings terminated on March 13, 2019, the date that the Arizona Supreme Court issued it order denying review. When the statute of limitations clock re-started on March 14, 2019, Petitioner had 251 days remaining in which he could timely file a federal habeas petition. He therefore had until November 19, 2019, to file his habeas petition. Petitioner initiated his habeas proceedings on February 5, 2020, two and a half months past the expiration of the one-year limitations period. The R&R correctly found that the Petition was untimely filed.

Petitioner disagrees with the R&R's determination that no statutory tolling occurred between the time his conviction became final and the time he filed his PCR. However, the R&R followed well-established law and precedent. *See* 28 U.S.C. § 2244(D)(2); *Isley v. Arizona Dep't of Corr.,* 383 F.3d 1054, 1056 (9th Cir. 2004); *Cross v. Sisto*, 676 F.3d 1172, 1179 (9th Cir. 2012); *Porter v. Ollision*, 620 F.3d 952, 958 (9th Cir. 2010). Petitioner's objection is without factual or legal support.

Petitioner's second objection is that he is factually innocent and should be granted a Certificate of Appealability. However, Petitioner has not presented evidence supporting

1 this claim. Petitioner has the burden of persuading the Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). Having presented no evidence of actual innocence, Petitioner's objection must be overruled.

**IT IS ORDERED** that Petitioner's objections to the R&R (Doc. 16) are **OVERRULED**. The R&R (Doc.15) is **ACCEPTED**. Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 5) is **DISMISSED** with prejudice. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment accordingly and terminate this action.

Dated this 25th day of February, 2021.

Douglas L. Rayes
United States District Judge